IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SALEEM R MATHEWS,              )
                               )
          Plaintiff,           )
                               )
     v.                        )      1:24CV71
                               )
EXPERIAN INFORMATION           )
SOLUTIONS INC., et al.,        )
                               )
          Defendants.          )

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . (i) is frivolous . . .; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim on which relief may be granted" 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'"

2

Case 1:24-cv-00071-UA-LPA   Document 5   Filed 03/01/24   Page 2 of 7

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then Iqbal, 556 U.S. at 679)).

## BACKGROUND

Asserting claims under 15 U.S.C. § 1681[2] (see Docket Entry 2 at 3)[3] for alleged violations of the Fair Credit Reporting Act (the "FCRA"), Plaintiff initiated this action against Experian Information Solutions, Inc., TransUnion Intermediate Holdings, Inc., and Equifax Information Services, LLC (collectively, the "Defendants") (see id. at 2). According to the Complaint:

> [Plaintiff has] a number of inaccurate items on [his] credit report[, including d]ates opened, names other than [Plaintiff's name], [and] addresses that [Plaintiff] never lived at . . . . [Plaintiff went] to the C[onsumer ]F[inancial ]P[rotection ]B[ureau] on numerous occasion[s] for arbitration[, after] which [Defendants] said they would remove all inaccurate reporting [from Plaintiff's credit report] and have[ not done so]. [Plaintiff] never gave [his] consent to use [his] name in any report and as of 05/31/2023 [his] name has been copyright[ed] and trademarked in Guilford County with the register of deeds with[] Jeff L. Thigpen[,] stamp #2023024123."

(Id. at 4.)

The Complaint requests relief in the form of "$25,000 for defamation per N[orth ]C[arolina] law" and removal of "all promised deletions [from Plaintiff's] credit report." (Id.)

---

[2] The Complaint additionally lists "Rule 55" and "28 U.S.C. § 2201" as the "basis for jurisdiction" in this action (Docket Entry 2 at 3); however, neither provision entitles Plaintiff to independent relief. See Fed. R. Civ. P. 55 (describing default judgment procedures); 28 U.S.C. § 2201 (authorizing declaratory judgments).

[3] Docket Entry page citations utilize the CM/ECF footer's pagination.

## **DISCUSSION**

Under Section 1681i(a)(5) of FRCA, if "any information disputed by a consumer . . . is found to be inaccurate or incomplete . . ., the consumer reporting agency shall (i) promptly delete that item of information from the file of the consumer . . .; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681i(a)(5)(A). To state a claim for relief under Section 1681i(a)(5)(A),

> [P]laintiff must establish that (1) he disputed the completeness or accuracy of an item of information contained in his consumer file . . . and notified [D]efendant[s] directly of that dispute; (2) [D]efendant[s] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by Section 1681i(a)(5) within the statutory period; (3) [D]efendant[s'] noncompliance was negligent or willful; (4) [P]laintiff suffered injury; and (5) [P]laintiff's injury was caused by [D]efendant[s'] failure to . . . delete the item from the file.

Beard v. Experian Info. Sols., Inc., Civ. Action No. 23-1306, 2023 WL 8827762, at *3 (E.D. La. Dec. 21, 2023) (brackets omitted).

The Complaint alleges that Defendants failed to "remove all inaccurate reporting" from his credit report. (Docket Entry 2 at 4.) However, the Complaint contains no factual matter to support that Plaintiff suffered any injury from the "inaccurate items on [his] credit report" (Docket Entry 2 at 4). (See id.) As a result, this claim fails as a matter of law. See Rivera v.

Experian, No. 3:22cv1039, 2022 WL 17370491, at *4 (D. Conn. Oct. 31, 2022) (holding that, "for claims under the FCRA, a bare procedural violation, divorced from any concrete harm fails to satisfy the injury . . . requirement" (internal quotation marks omitted)). The only injury mentioned in the Complaint states "[Plaintiff's] name has been copyright[ed] and trademarked in Guilford County with the register of deeds [by an individual other than Plaintiff]." (Id. at 4.) This injury "does not bear a causal connection to [Plaintiff's FCRA] claim," Carter v. Rogers, Townsend, & Thomas, P.C., No. 1:12cv495, 2014 WL 800400, at *6 (M.D.N.C. Feb. 28, 2014), and further smacks of a "frivolous" injury that goes against "common sense," Nasim, 64 F.3d at 954. Moreover, Plaintiff's requested relief of damages for "defamation per NC law" does not pertain to his claim under Section 1681i. (Docket Entry 2 at 4.) The Complaint provides neither factual matter supporting a state law defamation claim, nor allegations connecting any damages for defamation to Plaintiff's FCRA claim. (Id. at 1-5.)

The Court thus should dismiss Plaintiff's Section 1681i(a)(5) claim as frivolous and for failure to state a claim under Section 1915(e)(2)(B).

## CONCLUSION

The Complaint's frivolity and failure to state a claim on which relief may be granted warrant dismissal.

6

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failing to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 1, 2024